UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. SHERWOOD,

    Plaintiff,

v.

MARQUETTE TRANSPORTATION
COMPANY, LLC, and BLUEGRASS
MARINE, LLC,

    Defendants.

Case No. 08-cv-849-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants's Motion to Compel Arbitration and Stay Proceedings (Doc. 7). Plaintiff has responded and Defendants have replied. For the following reasons, the Court DENIES the Motion.

## BACKGROUND

According to the Amended Complaint, Plaintiff was employed by Defendants to work as a deckhand and member of the crew of the M/V Justin Paul Exkstein, a vessel in navigation on the Mississippi River. While performing his duties in service to the vessel, Plaintiff was seriously injured. Plaintiff filed a six-count complaint in this Court for damages recoverable under the Jones Act and for maintenance and cure under general maritime law. Defendants filed the instant Motion to Compel Arbitration, asserting that, as part of his contract of employment, Plaintiff had agreed to arbitrate any disputes arising out of his employment with Defendant, including any actions under the Jones Act. The agreement to arbitrate (Agreement) contained the following language:

> In consideration for Bluegrass considering your application and conditionally offering you employment, you and Bluegrass agree that if you are or become a resident of either Illinois or Missouri and/or you or Bluegrass bring an action in

> either Missouri or Illinois state or federal court relating to your recruitment, employment with termination of employment, or personal injury which is not covered by either Illinois or Missouri Workers Compensation laws, then the plaintiff in such action agrees to waive his or her right to a trial by jury, and further agrees that no demand, request or motion will be made for trial by jury, This program includes claims brought under the Jones Act.

The Agreement goes on to specify, "You and your employer agree that the option to arbitrate any dispute is governed by Illinois arbitration statutes if you either reside in Illinois or file suit in Illinois." Defendants now ask the Court to compel arbitration in accordance with Illinois law.

## ANALYSIS

Congress has the "undoubted authority to govern the employment relationships" of workers engaged in interstate commerce, particularly, seamen. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 120-21 (2001). In accordance with that authority, Congress, in adopting the Federal Arbitration Act (FAA), specifically exempted "contracts of employment of seamen" from its general language requiring courts to give effect to agreements to arbitrate. 9 U.S.C. § 1. As a result, Defendants in this case would be unable to seek enforcement of the mandatary arbitration provision of Plaintiff's employment contract via the FAA.

However, by specifying that Illinois arbitration statutes govern the contract, Defendants hope to take advantage of the fact that Illinois law does not contain a parallel exception for contracts of employment of seamen. The Illinois Uniform Arbitration Act provides that "a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable , and irrevocable." 710 ILCS 5/1. As Plaintiff had agreed, as part of the Agreement, that Illinois arbitration statutes would govern the option to arbitrate, Defendants insist the Court must compel arbitration. The question for this Court is whether it is bound to honor the choice of law provision of the Agreement. The Court concludes that it is not.

2

Normally, where a contract involving interstate commerce contains an arbitration clause, the FAA, rather than state arbitration statutes, applies. *Bishop v. We Care Hair Development Corp.*, 738 N.E.2d 610 (2000). However, under most circumstances, "where parties to a contract have agreed to arbitrate in accordance with state law, the FAA does not apply, even where interstate commerce is involved." *Tortoriello v. Gerald Nissan of North Aurora, Inc.*, 882 N.E.2d 157, 168 (Ill App. Ct. 2008). That is because, in most instances, "where . . . the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goal of the FAA" of favoring arbitration agreements. *Volt Information Sciences, Inc. v. Bd. Of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989). However, by excepting contracts of employment of seamen from coverage under the FAA, Congress evinced a secondary goal of the FAA, that of protecting seamen from the binding effects of arbitration provisions when those provisions are tied to their contracts of employment. Thus, compelling arbitration of this contract of employment of a seaman in accordance with the arbitration law of Illinois would not be fully consistent with the goals of the FAA. In fact, it would "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Volt*, 489 U.S. at 477. As such, the FAA preempts the Illinois Arbitration Act insofar as the latter requires a court to compel a seaman to arbitrate based on a provision in his contract for employment. *Id*. Accordingly, the Court finds that the FAA, rather than the Illinois Arbitration Act, governs this action**,** notwithstanding any agreement by the parties to the contrary.

## CONCLUSION

Because the FAA expressly precludes giving binding effect to arbitration agreements contained in contracts for the employment of seamen, the Court **DENIES** Defendants's Motion

to Compel Arbitration and Stay Proceedings (Doc. 7)

**IT IS SO ORDERED.**
**DATED: March 31, 2009**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**