UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. SHERWOOD,

       Plaintiff,

   v.

MARQUETTE TRANSPORTATION
COMPANY, LLC and BLUEGRASS
MARINE, LLC,

       Defendants.

Case No. 08-cv-849-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Marquette Transportation Company, LLC (hereinafter "Marquette") and Bluegrass Marine, LLC's (hereinafter "Bluegrass") Motion for Reconsideration (Doc. 39). Plaintiff Michael L. Sherwood (hereinafter "Sherwood") has filed a Response (Doc. 41) to the instant motion, and Marquette and Bluegrass filed a Reply (Doc. 43) thereto. The Court notes that Marquette and Bluegrass submitted their reply brief four days late. *See* S.D. Ill. R. 7.1(g). However, of greater concern is the fact that Marquette and Bluegrass's reply consisted of nearly triple the number of pages allowed by this Court. *See* S.D. Ill. R. 7.1(d). The Court finds that Marquette and Bluegrass could have easily stayed within the applicable page limit had they not presented arguments previously made throughout this litigation.[1] The Court admonishes defense counsel to quickly familiarize itself with this Court's rules, or future submissions in this case or others in which they have appeared will be stricken.

On March 31, 2009, this Court entered a Memorandum and Order (Doc. 22), wherein it denied Marquette and Bluegrass's Motion to Compel Arbitration and Stay Proceedings (Doc. 7).

---

[1]The Court also notes that "[r]eply briefs are not favored and should be filed only in exceptional circumstances." S.D. Ill. R. 7.l(d).

The primary issue before the court was whether the Federal Arbitration Act (hereinafter "FAA") preempts the Illinois Uniform Arbitration Act (hereinafter "IUAA") as it relates to compelled arbitration of a seaman's claims.  The Court ultimately held that "the FAA preempts the [IUAA] insofar as the latter requires a court to compel a seaman to arbitrate based on a provision in his contract for employment," thereby allowing this case to continue in federal court.  (Doc. 22, p. 3).  Following interlocutory appeal of this ruling, the Seventh Circuit issued an opinion on November 23, 2009, dismissing the appeal for lack of jurisdiction.

Even though the Seventh Circuit lacked jurisdiction to rule on the merits of the appeal, it provided substantial guidance to this Court on the arbitration issue.  The appellate court explained that "[w]hen a contract is covered by the [FAA], states are forbidden to interfere with the parties' agreement . . . but . . . when a contract is not covered by the [FAA], states are free to favor, disfavor, or even ban arbitration."  *Sherwood v. Marquette Transp. Co., LLC*, 587 F.3d 841, 842-43 (7th Cir. 2009).  In other words, Illinois law's recognition that "a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable, and irrevocable . . . .", 710 ILL. COMP. STAT. ANN. 5/1 (West 2009), can and should be reconciled with the FAA's general inapplicability to the employment contracts of seamen.  *See* 9 U.S.C. § 1 (2006).  The Court finds the Dispute Resolution Program (Doc. 7-2) at issue to be valid; accordingly, the Illinois arbitration agreement governing Sherwood's claims is enforceable.  Both binding precedent and the decisions of other courts of appeal supported the Seventh Circuit's understanding of the issue.  *See Sherwood*, 587 F.3d at 842-43.  In concluding, the Seventh Circuit made clear that "if [this] [C]ourt stands pat and resolves the suit on the merits, Bluegrass Marine will be entitled to contend on appeal from the final decision that the dispute should have been arbitrated instead."  *Id*. at 845.

The Court acknowledges the words that the Seventh Circuit has chosen to share and will heed its warning.  This Court will not waste the financial resources of the parties or the judicial system in having this case go to trial, just to be met with reversal and remand on the arbitration issue.  The Court is well-versed in all of Sherwood's arguments and finds them unpersuasive.  Although the Court understands his desire to have this case continue in federal court, Sherwood is nevertheless bound by the arbitration to which he agreed.

For the foregoing reasons, the Court **GRANTS** the instant motion (Doc. 39), **REMANDS** this matter to arbitration pursuant to the terms of Bluegrass's Dispute Resolution Program (Doc. 7-2), **STAYS** this case pending said arbitration, and **ORDERS** that a joint status report be filed in this case every six months henceforth.

**IT IS SO ORDERED.**
**DATED: January 7, 2010**

                    s/ J. Phil Gilbert
                    **J. PHIL GILBERT**
                    **DISTRICT JUDGE**